**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-00791-RM

HOWARD COHAN,

       Plaintiff,

v.

URBAN COMMONS RDH, LLC,
a Delaware limited liability company,

       Defendant.

---

**ORDER OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

---

This matter is before the Court on Plaintiff Howard Cohan's Motion for Entry of Default Judgment against Defendant Urban Commons RDH, LLC (ECF No. 10) (the "Motion"). For the reasons set forth below, the Court denies the Motion in its entirety.

**I.    BACKGROUND**

    **A.    Procedural History**

Plaintiff initiated this lawsuit on March 17, 2019, alleging violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 et seq. ("ADA"). (ECF No. 1.) Defendant was served with the Summons and Complaint on April 5, 2019 but failed to answer or otherwise respond. (ECF No. 4.) Following Plaintiff's request for entry of default pursuant to Fed. R. Civ. P. 55(a) (ECF No. 6), the Clerk of Court entered default against Defendant on May 23, 2019 (ECF No. 7). Defendant has not responded to the Clerk's entry of default or the present Motion.

**B.     Factual Allegations**

Based upon Defendant's failure to answer the Complaint, the Court makes the following factual findings pursuant to Fed. R. Civ. P. 8(b)(6). Plaintiff is a Florida resident who suffers from numerous disabilities. (ECF No. 1, ¶¶ 3, 7.) Defendant is a Delaware limited liability company with its registered office located at 1209 Orange St., Wilmington, DE 19801.[1] (ECF Nos. 1, ¶ 4; 10, at 1.) Defendant owns and operates "Renaissance Hotel Stapleton" located at 3801 Quebec St., Denver, CO 80207 (the "Hotel"). (ECF Nos. 1, ¶ 5; 10, at 1.)

On March 9, 2018, Plaintiff visited the Hotel to determine if it would be suitable for future planned trips to Colorado. (ECF No. 10, at 1–2.) During his visit to the Hotel, Plaintiff encountered an alleged nineteen violations of the 2010 ADA Standards for Accessible Design ("2010 Standards") which prevented him from full enjoyment of and equal access to the Hotel's services, goods, and amenities. (ECF No. 1, ¶ 22(a)–(d).)

Plaintiff "regularly travels to Colorado to visit friends and shop and has plans to return to Denver on May 13, 2019," and he "would return to the [Hotel] in May if Defendant modifies the [Hotel] and its policies and practices to accommodate individuals who have physical disabilities, but he is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the [Hotel]." (ECF No. 1, ¶¶ 10, 12.) Finally, Plaintiff tests facilities to determine whether they are in compliance with the ADA, because he travels often. (ECF No. 1, ¶ 13.) Even though the Motion was filed on June 18, 2019, a month after Plaintiff alleged he planned on traveling back to Denver, Plaintiff does not indicate whether he did in fact come back to Colorado or the Hotel.

As a result of the alleged architectural barriers, Plaintiff brought two counts seeking: (1)

---

[1] Defendant also has a registered agent in Colorado – The Corporation Company, 7700 E. Arapahoe Rd., Suite 220, Centennial, CO 80112.

declaratory judgment, under 28 U.S.C. § 2201, establishing that he was discriminated against on the basis of his disability, and (2) a permanent injunction, under 42 U.S.C. § 2000a-3(a), to remediate the architectural barriers at the Hotel.

## II.     ANALYSIS

The Court's review of the record shows that before it reaches the merits of Plaintiff's Motion, it must first decide whether Plaintiff has standing. Article III of the Constitution limits the jurisdiction of federal courts to actual cases and controversies. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992). The requirement that a plaintiff have standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan*, 504 U.S. at 560. "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Thompson v. Lengerich*, No. 18-1257, 2019 WL 7163374, at *3 (10th Cir. 2019) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)) (internal quotation marks and brackets omitted). This Court raises the standing issue *sua sponte* "because it involves the court's power to entertain the suit." *Id.* (quoting *Jordan v. Sosa*, 564 F.3d 1012, 1019 (10th Cir. 2011)).

To establish standing, a plaintiff must prove: (1) a concrete, particularized injury in fact; (2) causation; and (3) redressability. *Id.* at 560–61. The party invoking federal jurisdiction bears the burden of establishing standing. *Id.* at 561. First, it's true that even if Plaintiff is a "tester" he *could* have standing. *See Colo. Cross Disability Coalition v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014) (testers have standing to sue under Title III of the ADA); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332–34 (11th Cir. 2013) (same). However, "tester standing" "does not displace the general requirements of standing." *Colo. Cross Disability*

3

*Coalition*, 765 F.3d at 1211.

Importantly, the "injury in fact" requirement depends on the type of relief sought – prospective or retrospective. *Tandy v. City of Wichita*, 380 F. 3d 1277, 1283 (10th Cir. 2004) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983)). Where, as here, a plaintiff seeks prospective relief, "the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future." *Id.* "Past exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Lujan*, 504 U.S. at 564. Consequently, a plaintiff must allege "past injury under the ADA; show that it is reasonable to infer from [his] complaint that this discriminatory treatment will continue; and show that it is also reasonable to infer, based on the past frequency of [his] visits and the proximity of the public accommodation to [his] home, that [he] intends to return to [the public accommodation] in the future." *Scherr v. Marriott Intern., Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (quoting *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)) (internal quotations omitted).

It is apparent here that Plaintiff has not sufficiently plead an injury in fact. For example, in *Tandy*, the Tenth Circuit held that testers had standing to seek injunctive relief where the plaintiffs were "under a real and immediate threat of experiencing a lift malfunction on the city's buses because they averred in affidavits an intent to test Wichita Transit's fixed-route services several times per year." *Tandy*, 380 F. 3d at 1287–89. Specifically, the court held that "testimony of an intent to use busses 'several times per year' suggests a concrete, *present* plan to use the buses "several times *each* year, including the year in which the plaintiff made that statement." *Tandy*, 380 F.3d at 1284; *see also id.* at 1285 n.12 (internal quotation marks and brackets omitted). The court contrasted these averments with the plaintiffs in *Lujan* whom the Supreme Court held

"merely expressed a desire to *someday* visit places halfway around the world." *Id.* (citing *Lujan*, 504 U.S. at 564).

Similarly, in *Colo. Cross Disability Coalition* the Tenth Circuit held the plaintiffs[2] had standing to seek prospective relief where an ADA plaintiff "averred that she intends to . . . return to the Park Meadows Hollister and that she will likely be going to the Park Meadows Mall at least six times per years." 765 F.3d at 1211. The court held that the "six times per year" testimony is similar to the "several times per year" accepted in *Tandy*. *Id.* at 1211–12 (citing *Tandy*, 380 F.3d at 1284). The defendant challenged the plausibility of Ms. Hansen's intent to return to the Park Meadows Hollister because she had never entered a Hollister store and the Park Meadows Mall was not the closest to her home. *Id.* at 1212. However, the court held that her averment of her intent to return to the Park Meadows Hollister was "not rendered implausible by the distance between the store and her home." *Id.* (citing *Houston*, 733 F.3d 1336–37 (ADA plaintiff suffered an injury in fact because his frequent trips to his lawyer's offices took him near the defendant's store, which was more than thirty miles from his home)).

In contrast, in *Scherr*, the Seventh Circuit held an ADA plaintiff sufficiently established a plausible inference that she would have liked to return to the hotel but for its alleged violations where (1) much of the plaintiff's extended family lived near the area close to the hotel – twenty-nine relatives in Overland Park – and (2) one of her cousins was going to be married soon in Overland Park and the plaintiff indicated her preference to stay at the Overland Park Courtyard Marriot. *Scherr*, 703 F.3d at 1072, 1074–75 (citing *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) (holding plaintiff established standing where she demonstrated

---

[2] Plaintiff Colo. Cross Disability Coalition is a disability advocacy organization that advocates on behalf of its members, including Ms. Anita Hansen who was the individual who personally encountered the architectural barriers at the Park Meadows Hollister. *See Colo. Cross Disability Coalition*, 765 F.3d at 1208–10.

her intent to return to a city and stay at a hotel she was suing if it were to be made accessible)); *see also Judy v. Pingue*, No. 2:08-CV-859, 2009 WL 4261389, at *2 (S.D. Ohio Nov. 25 2009) ("To determine whether an ADA plaintiffs' likelihood of returning to defendant's facility is sufficient to confer standing, courts have considered: (1) the proximity of defendant's business to plaintiff's residence, (2) the plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant.")

Here, Plaintiff alleges when he visited the Hotel on March 9, 2018, he encountered nineteen violations of the 2010 Standards and that he planned on returning in May 2019, but was deterred from doing so because of the violations. (ECF No. 1, ¶¶ 10, 12, 22(a)–(d).) However, Plaintiff's allegations here are somewhere between *Tandy* and *Colo. Cross Disability Coalition* and *Lujan*. Specifically, Plaintiff's allegations are not as vague as "some day" intentions (*Lujan*, 504 U.S. at 564), but are not as specific of an intent as "several times per year" (*Colo. Cross Disability Coalition*, 765 F.3d at 1211–12 (citing *Tandy*, 380 F.3d at 1284)). Instead, Plaintiff alleges he has friends in Colorado, which is about 104,094 square miles,[3] and that he plans on visiting Denver in May 2019 – a date which has passed with no indication that Plaintiff did in fact return.[4] Plaintiff's vague assertions that he has friends in Colorado could mean he has friends in Denver, Fort Collins, Colorado Springs, Aspen, Grand Junction, or any other city. This assertion is simply too vague to support standing for prospective relief, and it's unreasonable to infer, based on a lack of any history of patronage, his frequency of travel near the Hotel, or any

---

[3] The Court takes judicial notice of official census data, which courts have found to be reliable sources of information. UNITED STATES CENSUS BUREAU, *Population and Housing Unit Counts 2010 Census of Population and Housing* 89 Table 18 (Sept. 2012), https://www.census.gov/prod/cen2010/cph-2-1.pdf; *see also U.S. v. Iverson*, 818 F.3d 1015, 1021 – 22 (10th Cir. 2016); *U.S. v. Maass*, 153 F.3d 729(table), at *7 n.13 (10th Cir. 1998).

[4] Plaintiff's Motion was filed *after* the date which Plaintiff alleged he would be returning. (See ECF Nos. 1, ¶ 10; 10.)

compelling reason for making these visits, that he intends to return to the Hotel in the future. *See Scherr*, 703 F.3d at 1074. Plaintiff merely provides conclusory statements of his intent to return to Denver at some time that has already passed. Therefore, even taking Plaintiff's factual allegations, rather than conclusory statements, as true, they are insufficient to establish standing for his requested prospective relief. *See Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

For these reasons, this Court finds that Plaintiff lacks Article III standing to bring a cause of action seeking prospective relief in the form of either a permanent injunction or a declaratory judgment. Therefore, Plaintiff's Motion is denied in its entirety.

## III.   CONCLUSION

Based on the foregoing, it is ORDERED

(1)   That the motion for default judgment is DENIED;

(2)   That this case is dismissed without prejudice;

(3)   That the Clerk shall enter judgment in favor of Defendant and against Plaintiff; and

(4)   That the Clerk shall close the case.

DATED this 23rd day of March, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge